UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLADIO GAUCIN LEAL,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>ERIC HOLDER, JR. U.S. Attorney General, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-01187-MMD-VCF<br><br>ORDER |

**I.   INTRODUCTION**

Plaintiff Claudio Gaucin Leal seeks judicial review of the U.S. Citizenship and Immigration Services' ("USCIS") denial of his petition for waiver of inadmissibility under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. The parties have filed competing motions for summary judgment. The Court has reviewed the motions, oppositions, replies and the pertinent documents in the certified administrative records ("CAR").[1] (Dkt. nos. 19, 21, 22, 23, 24, 25.)

**II.   BACKGROUND**

The relevant facts are not in dispute and are taken from the parties' motions supported by the administrative records.[2]

Plaintiff is a native and citizen of Mexico. (Dkt. no. 4, ¶ 1.) He submitted an Application to Register Permanent Resident or Adjust Status (Form I-485) to lawful

---

[1] The Court reviewed the courtesy copy of the CAR that Defendants recently provided to the Court; Plaintiff attached some of these documents to his motion.

[2] Plaintiff disputed some of the dates and the effect of certain decisions (dkt. no. 22 at 3-4), but these minor factual disputes are not material.

permanent resident and an Application for Waiver of Grounds of Inadmissibility (Form I-601) ("Waiver Application").[3] (*Id.*) He submitted the Waiver Application "because he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude." (*Id.*; dkt. no. 21, ¶ 1.) The offense was a conviction on July 12, 1988 ("1988 Conviction"). (Dkt. no. 21 at 1; dkt no. 19 at 5.) Plaintiff pled guilty to the offense of Indecent Liberties in violation of Washington Revised Code § 9A.44.100(1)(c) and was sentenced to twelve months and one day. (Dkt. no. 21 at 10; dkt no. 19 at 5-6.)

On September 17, 2010, the District Director at USCIS in Las Vegas, Nevada denied Plaintiff's Waiver Application. (Dkt. no. 21 at 10.) Plaintiff appealed that decision to the Administrative Appeals Office ("AAO") on October 10, 2010. (*Id.*) Ultimately, on January 22, 2014, the AAO dismissed Plaintiff's appeal, finding that (1) the 1988 Conviction was a crime involving moral turpitude rendering him inadmissible unless he obtained a waiver of inadmissibility, and (2) Plaintiff failed to establish "extraordinary circumstances or exception and extremely unusual hardship" to obtain a waiver because the 1988 offense was a "violent or dangerous" crime under 8 C.F.R. § 212.7(d). (Dkt. no. 19 at 7; dkt. no. 21 at 10-14; CAR 1-12.)

Plaintiff initiated this action to challenge the AAO's decision to deny his Waiver Application, contending that the AAO's decision was "arbitrary, capricious or an abuse of discretion." (Dkt. no. 4 at 10.) The parties have simultaneously moved for summary judgment.

**III.    DISCUSSION**

  **A.    Legal Standard**

Plaintiff seeks judicial review of USCIS's decision under the APA. Under the APA, a court may reverse an agency decision only if it is "arbitrary, capricious, an abuse

---

[3] Plaintiff's son had submitted a Petition for Alien Relative (Form I-130) to obtain a visa for Plaintiff, which was approved. (Dkt. no. 19 at 10; dkt. no. 21 at 10; dkt no. 22 n.1.) The Immigration and Nationality Act grants USCIS authority to adjust the status of an alien if he or she satisfies certain requirements, including the requirement that an immigrant visa is available when the alien filed the application to adjust status. 8 U.S.C. § 1255(a).

2

1  of discretion, or otherwise not in accordance with law" or is "unsupported by substantial
2  evidence." 5 U.S.C. § 706(2)(A), (E); *W. Radio Services Co., Inc. v. Espy*, 79 F.3d 896,
3  900 (9th Cir. 1996). "Review under the arbitrary and capricious standard is narrow and
4  the reviewing court may not substitute its judgment for that of the agency." *Id.* (citing
5  *Marsh v. Oregon Natural Resources Council,* 490 U.S. 360, 376 (1989)). The court
6  reverses the agency's decision as arbitrary or capricious only if the agency relied on
7  factors Congress did not intend it to consider, entirely failed to consider an important
8  aspect of the problem, offered an explanation that ran counter to the evidence before
9  the agency, or offered one that is so implausible that it could not be ascribed to a
10 difference in view or the product of agency expertise. *See Dioxin/Organochlorine Center*
11 *v. Clarke,* 57 F.3d 1517, 1521 (9th Cir.1995).

12       The court does not determine whether there are disputed issues of material fact
13 as it would in a typical summary judgment proceeding; its review is based on the
14 administrative record. 5 U.S.C. § 706(2)(F); *Nw. Motorcycle Ass'n v. U.S. Dept. of*
15 *Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994); *see also South Yuba River Citizens League*
16 *v. Nat'l Marine Fisheries Serv.*,723 F.Supp.2d 1247, 1256 (E.D. Cal. 2010) (usual
17 summary judgment standards do not apply). However, a reviewing court "must conduct
18 a searching and careful inquiry into the facts." *Nw. Motorcycle Ass'n*, 18 F.3d at 1471.
19 "Because the court typically makes no finding of fact in determining if an agency's
20 decision is arbitrary or capricious, APA disputes are usually amenable to resolution by
21 summary judgment." *Rijal v. U.S. Citizenship & Immigration Services*, 772 F. Supp. 2d
22 1339, 1344 (W.D. Wash. 2011) *aff'd,* 683 F.3d 1030 (9th Cir. 2012).

23       **B.**    **USCIS's Determination that Plaintiff was Inadmissible**

24       Plaintiff argues that USCIS erred when it found that he was inadmissible under 8
25 U.S.C. § 1182(a)(2)(A)(i)(I) because the 1988 Conviction was a crime involving moral
26 turpitude. Defendants counter that Plaintiff failed to properly plead this claim and failed
27 to exhaust his administrative remedies, thus depriving this Court of subject matter
28 jurisdiction.

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8(a) notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted).

The Amended Complaint does not give any notice that Plaintiff challenges USCIS's determination that Plaintiff was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because of his 1988 Conviction. To the contrary, Plaintiff alleges that he filed the Waiver Application "because he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime of moral turpitude." (Dkt. no. 4, ¶ 1.) While the Amended Complaint recites the AAO's decision in detail, it does not allege that the AAO erred by making a determination that the 1988 Conviction was a crime of moral turpitude. Plaintiff failed to give fair notice that he seeks judicial review of that determination, particularly when he filed the Waiver Application which is tantamount to an acknowledgement that he needed to obtain a waiver of inadmissibility.

Even setting aside the pleading's deficiency under Rule 8, Plaintiff has not demonstrated that he exhausted administrative remedies. Plaintiff cannot dispute that in connection with his appeal to the AAO, he did not pursue the claim that he was never convicted of a crime involving moral turpitude. In the Notice of Intent to Dismiss ("NOID") Plaintiff's appeal, the AAO found that Plaintiff was ineligible to adjust his status because he was convicted of a crime involving moral turpitude which rendered him inadmissible unless he established eligibility for waiver.  (CAR 93-102.)  In his response to the NOID, Plaintiff did not challenge the determination that he was convicted of a crime involving moral turpitude; instead, Plaintiff argued that he was eligible for waiver of inadmissibility. (CAR 26-33.)

Plaintiff argues that because Defendant failed to identify a statue or rule that would require him to exhaust administrative remedies, application of administrative

4

exhaustion lies within the Court's discretion. (Dkt. no. 24 at 3.) Even accepting this contention,[4] the Court declines to review a claim that was not presented to the agency.

The APA mandates that a plaintiff exhaust available administrative remedies before seeking judicial review. 5 U.S.C. § 704. As the Ninth Circuit Court of Appeals has observed, "absent exceptional circumstances, a reviewing court will refuse to consider contentions not presented before the administrative proceeding at the appropriate time." *Getty Oil Co. v. Andrus,* 607 F.2d 253, 256 (9th Cir. 1979). "The rationale underlying the exhaustion requirement is to avoid premature claims and to ensure that the agency possessed of the most expertise in an area be given first shot at resolving a claimant's difficulties." *Idaho Sporting Congress, Inc. v. Rittenhouse,* 305 F.3d 957, 965 (9th Cir. 2002).

Plaintiff has not presented any extraordinary circumstances to warrant deviation from the requirement that he exhaust his administrative remedies. Plaintiff did not specifically challenge the agency's determination that he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime of moral turpitude. The Court declines to resolve this question when the agency with the most expertise in this area should be given the opportunity to consider it first.

**C.   USCIS's Determination that Plaintiff's 1988 Conviction Was a Violent or Dangerous Crime**

Plaintiff argues that the AAO's decision that his 1988 Conviction was a violent or dangerous crime under 8 C.F.R. § 212.7(d) was arbitrary and capricious because the AAO failed to make a fact-based inquiry.[5] (Dkt. no. 22 at 4-6.) Defendants counter that the AAO did conduct a proper fact-based analysis of his 1988 Conviction in finding that

---

[4]Plaintiff raised this argument in his reply in support of his Motion. (Dkt. no. 24 at 2-3.) Defendants do not specifically address this argument in their reply. The Court finds that resolution of this issue does not affect the Court's decision because the Court declines to exercise its discretion to review an issue not presented to the AAO.

[5]The Court agrees with Defendants that Plaintiff has abandoned his claim that the AAO was not required to conduct a categorical approach to determine whether the 1988 Conviction was a violent or dangerous crime. (Dkt. no. 22 at 5-6.)

5

Plaintiff committed a "violent or dangerous crime." (Dkt. no. 19 at 11-12; dkt. no. 23 at 13-14.)

8 C.F.R.§ 212.7(d) codified the heightened standard established in *Matter of Jean,* 23 I. & N. Dec. 373 (Att'y Gen.2002), that aliens convicted of violent or dangerous crimes must satisfy to obtain an adjustment of status. *See Mejia v. Gonzales,* 499 F.3d 991, 994 (9th Cir. 2007). § 212.7(d) provides:

> The Attorney General, in general, will not favorably exercise discretion under section 212(h)(2) of the Act (8 U.S.C. 1182(h)(2)) to consent to an application or reapplication for a visa, or admission to the United States, or adjustment of status, with respect to immigrant aliens who are inadmissible under section 212(a)(2) of the Act *in cases involving violent or dangerous crimes*, except in extraordinary circumstances, such as those involving national security or foreign policy considerations, or cases in which an alien clearly demonstrates that the denial of the application for adjustment of status or an immigrant visa or admission as an immigrant would result in exceptional and extremely unusual hardship.

8 C.F.R. § 212.7(d) (emphasis added). The Ninth Circuit has found that determining whether a crime is "violent or dangerous" is a fact-based inquiry. *Rivas-Gomez v. Gonzaes,* 225 F. App'x 680 (9th Cir. 2007); *see Torres-Valdivias v. Lynch,* 786 F.3d 1147, 1151 (9th Cir. 2015) (finding that the Board of Immigration Appeals did not err by failing to apply the categorical approach in determining whether appellant's conviction of sexual battery triggered the heightened *Matter of Jean* standard for the purpose of resolving his application for adjustment of status under 8 U.S.C. § 1255).

The 1988 Conviction involved Plaintiff's plea of guilty to Indecent Liberties in violation of Wash. Rev. Code § 9A.44.100(1)(c). (Dkt. no. 21 at 10; dkt no. 19 at 5-6.) The statute existing at the time provides as follows:

> (1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:
> (a) By forcible compulsion; or
> (b) When the other person is less than 14 years of age; or
> (c) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

///

Wash. Rev. Code § 9A.44.100(1) (1988). The term "sexual contact" is defined as follows:

> (2) For purposes of this section, "sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party.

Wash. Rev. Code § 9A.44.100(2) (1988). As part of his guilty plea, Plaintiff admitted that he had sexual contact with a woman who was incapable of consent by reason of being mentally incapacitated or physically helpless at the time. (CAR 207.)

The AAO found that Plaintiff's offense was a dangerous crime. (CAR 8-9.) The AAO began its analysis by noting that the terms "violent" and "dangerous" are not specifically defined in the regulation. (CAR 6.) It also noted that the terms "violent or dangerous crimes" and "crimes of violence" are not synonymous, however, it would look to the definition of "crime of violence" in 18 U.S.C. § 16 for guidance and consider other common meanings of the terms "violent" and dangerous." (*Id.*; CAR 8) The AAO further indicated that 8 C.F.R. § 212.7(d)'s inclusion of the term "dangerous" "further signals that even crimes not marked by actual or physical force against the victim, but may cause serious harm or are otherwise unsafe or hazardous, also trigger" the regulation's heightened standard. (CAR 8.) The AAO examined Plaintiff's admission in his guilty plea that he "caused sexual contact between himself and a person incapable of consent by reason of being mentally incapacitated or physically helpless." (*Id.*) It then reviewed how the terms "mentally incapacitated" and "physically helpless" are defined under Wash. Rev. Code § 9A.44.10. (*Id.*) The AAO found that the statute's requirements — "a physical, sexual violation" and "some form of incapacitation or helpless that are short-term in nature" which created "the risk of physical force if the victims regains capacity" — provided "ample reason" to conclude that the 1988 Conviction "was, at a minimum, a dangerous offense." (*Id.*) The Court finds that the AAO's determination is not arbitrary.

The Court agrees with Defendants that the AAO properly conducted a fact-based analysis of Plaintiff's 1988 Conviction in determining that Plaintiff committed a crime that

///

was violent or dangerous, which triggered the heightened burden under 8 C.F.R. § 212.7(d).[6]

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of this Order.

It is therefore ordered that Plaintiff's Motion for Summary Judgment (dkt. no. 21) is denied.  Defendants' Motion for Summary Judgment (dkt. no. 19) is granted.

The Clerk is instructed to enter judgment in favor of Defendants and close this case.

DATED THIS 29th day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff does not challenge the AAO's finding that he failed to satisfy the heightened standard for waiver of inadmissibility under 8 C.F.R. § 212.7(d) — that "demonstrate extraordinary circumstances" or "exceptional and extremely undue hardship." The Court will therefore not address this issue.